IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CELLSPIN SOFT, INC.,<br><br>                    Plaintiff,<br><br>       v.<br><br>BYTEDANCE, LTD, BYTEDANCE<br>PTE. LTD, TIKTOK PTE. LTD.<br><br>                    Defendant. | Case No. 2:23-cv-496<br><br>**ORIGINAL COMPLAINT**<br><br><br><br>**DEMAND FOR JURY TRIAL** |



*Figure 1 – **Exhibit 22** excerpts of TikTok's announcement about Project Texas as last visited on September 21, 2023, at https://usds.tiktok.com/usds-about/.*

## NATURE OF THE ACTION

1.  This is a patent infringement action to recover no less than a reasonable royalty for Defendant's infringement of United States Patent Numbers as explained

herein in Counts I through VII as follows.

Count 1 - 11,659,381

Count 2 - 8,756,336

Count 3 - 8,862,757

Count 4 - 8,898,260

Count 5 - 9,900,766

Count 6 - 8,904,030

Count 7 - 11,234,121 (collectively, the "patents-in-suit").

2. The patents-in-suit do not expire until December 11, 2028.

## THE PARTIES

3. The Plaintiff in this litigation is Cellspin Soft, Inc. ("Cellspin"), a Silicon Valley Start-up that acquired patents but due to willful encroachment of its intellectual property had to layoff its workforce.

4. Upon information and belief, Defendant ByteDance Ltd. is a Chinese corporation headquartered in Beijing, China and legally domiciled in the Cayman Islands. ByteDance Ltd. has regular and established places of business at Room 503 5F, Building 2, No. 43, North Third Ring West Road, Beijing, 100086 China and Room 10A, Building 2, No. 48, Zhichun Road, Haidian District Beijing, Beijing, 100089 China. ByteDance Ltd. has a legal address in the Cayman Islands located at Vistra (Cayman) Limited, P.O. Box 31119, Grand Pavilion, Hibiscus Way, 802 West Bay Road, Grand Cayman, George Town, KY1-1205, KY.

5. Defendant ByteDance Pte. Ltd. is a Singapore Corporation, having its principal place of business at 1, Raffles Quay, #26-10, Singapore, 048583, and/or 8 Marina View Level 43, Asia Square Tower 1, Singapore, 018960, with a Unique Entity Number 201923456H.

6. Defendant TikTok Pte. Ltd. is a Singapore Corporation, having its principal place of business at 8 Marina View, Level 43, Asia Square Tower 1, Singapore, 018960 and/or 1, Raffles Quay, #26-10, Singapore, 048583, with a Unique Entity

**ORIGINAL COMPLAINT**

Number 201719908M.

7.  Defendant ByteDance Ltd., Defendant ByteDance Pte. Ltd., and Defendant ByteDance Pte. Ltd. are not registered with the Secretary of State in the State of Texas. Thus, each may be served through the Texas Secretary of States as a non-registered entity conducting commerce in the State of Texas.

8.  Together or collectively hereinafter these three defendants are referred to herein as "TikTok" or "Defendant."

## JURISDICTION AND VENUE

9.  This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including Title 35 U.S.C. §§ 271, 281, 283, and 284. This Court has subject matter jurisdiction over this case for patent infringement, including pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. Plaintiff is the assignee of the Patents-in-Suit with all right, title and interest to bring the claims herein comprising those for past and present infringement, including to recover damages therefor.

11. The Court has personal jurisdiction over Defendant. At a minimum, Defendant has minimum contacts with the State of Texas.

12. This Court has personal jurisdiction over Defendants. Defendants conduct business and have committed acts of patent infringement and/or have induced acts of patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

13. Defendants are subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to their substantial business in this State and District, including (a) at least part of their past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas. Upon information and belief, Defendants, directly and indirectly, participate in the stream of commerce that results in products, including

the accused products, being made, used, offered for sale, and/or sold in the State of Texas and/or imported into the United States to the State of Texas.



*Figure 2 – Exhibit 21 excerpt https://apps.apple.com/lc/app/tiktok-make-your-day/id835599320, as last visited on September 21, 2023.*

14. On information and belief, Defendant is making foreign made goods and services available, including Chinese made goods, directly available to the U.S. Consumers. There is a local interest in the Eastern District of Texas to protect its residences. There is also a local interest of Eastern District of Texas counties collecting tax revenue for sales, where applicable to promote fair competition with local provides of competing goods and services.

15. On information and belief, Defendant is monetizing its video share network by collecting and selling information on users to third parties, including advertisers, and also by selling products directly to over 85 million consumers in the United States.  *See* Exhibit 15, TikTok News Article titled "Introducing TikTok Shop," as visited on September 21, 2023, at https://newsroom.tiktok.com/en-us/introducing-tiktok-shop.

**ORIGINAL COMPLAINT**

## TikTok getting into e-commerce

⤴ Share

**By Jessy Bains, Editor at LinkedIn News**

Updated 1 month ago ℹ

TikTok is pursuing a new revenue stream and reportedly entering the U.S. e-commerce market with a platform for made-in-China goods. The TikTok Shop, which the company hopes will have similar success as China's Shein and Temu, is expected to launch in the U.S. in early August, reports **The Wall Street Journal**, citing people familiar with the plan. Its operations will resemble Amazon's third-party program, which stores, sells, markets and ships products and handles customer service for outside sellers. Per the Journal, plans are to eventually expand to goods from countries other than China.

- Combined, Shein and Temu have about one fifth of TikTok's billion monthly active users.
- This week, TikTok **debuted Instagram-like text posts** in the U.S. and expanded its **music streaming service** from Indonesia and Brazil to Australia, Mexico and Singapore.
- For more coverage of the tech industry, **click here to subscribe to Tech Stack**, a newsletter from LinkedIn News.

*Figure 2 – Exhibit 20 excerpts of Business Model of TikTok revealed - TikTok getting into e-commerce, as last visited on September 21, 2023, at https://www.linkedin.com/news/story/tiktok-getting-into-e-commerce-5371969/.*
.

16. Further, on information and belief, Defendant is subject to the Court's specific jurisdiction, including because Defendant has committed patent infringement in the State of Texas, including as detailed herein. In addition, Defendant induces infringement of the patents-in-suit by customers and/or infringing users located in Texas. Further Defendant regularly conducts and/or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from goods and services provided to persons and/or entities in Texas.

**ORIGINAL COMPLAINT**



*Figure 3 – Exhibit 15 excerpt of TikTok News Article Titled "Introducing TikTok Shop" as last visited on September 21, 2023, on https://newsroom.tiktok.com/en-us/introducing-tiktok-shop.*

17. Defendant has personally availed itself of reputation of the Longhorn State by telling Congress and the American people that in effort to promote transparency to its claim that it is not sharing information on Texans and Americans alike that it collects with the Chinese Communist Party ("CCP"), that it will allow a source code review to occur in Texas, nowhere else. Defendant has named the source code review being conducted by Oracle at its Texas locations (Plano and Austin), is named "Project Texas."  *See* **Exhibit 19**, https://time.com/6281946/tiktok-oracle-source-code/ as last visited on June 22, 2023.

**ORIGINAL COMPLAINT**

**BUSINESS • TECHNOLOGY**

# TikTok CEO Says Oracle Has Begun Reviewing Its Source Code

*Figure 3 – Exhibit 19 excerpts from Time's Website Displaying Bloomberg Article about TikTok and Oracle as last visited on June 22, 2023, at https://time.com/6281946/tiktok-oracle-source-code/.*

BY **ZHEPING HUANG AND CAROLINE HYDE / BLOOMBERG**    MAY 23, 2023 8:28 AM EDT

ByteDance Ltd.'s TikTok is "on track" with its undertaking to have all U.S. user data hosted and overseen by Oracle Corp., as the Chinese tech behemoth struggles to win over critics worried about the national security implications of its hit video app.

*Figure 4 – Exhibit 19 excerpts from Time's Website Displaying Bloomberg Article about TikTok and Oracle as last visited on June 22, 2023, at https://time.com/6281946/tiktok-oracle-source-code/.*

18. On information and belief, Defendant source code is conducting its Project Texas source code review by Oracle. "Project Texas" is "TikTok's two-year effort to appease US lawmakers and defend its commitment to protecting the privacy of US-based TikTokers." *See* **Exhibit 18**.

TikTok's two-year effort to appease US lawmakers and defend its commitment to protecting the privacy of US-based TikTokers has culminated in an effort called Project Texas. This $1.5 billion initiative is a collaboration among TikTok, the US government, and Austin, Texas-based Oracle.

*Figure 5 – Exhibit 18 excerpt from ZD Net website, May 24, 2023, Jada Jones, as last visited on June 22, 2023, at https://www.zdnet.com/article/tiktok-ceo-updates-on-project-texas-says-us-user-data-will-be-in-oracles-hands-soon/.*
.

**ORIGINAL COMPLAINT**

19. Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas, including at least by virtue of Defendant's infringing methods and products, which are at least practiced, made, used, offered for sale, and sold in the State of Texas. Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long Arm Statute, due at least to its continuous and systematic business contacts in Texas, like having employees in this District.

20. According to Reuters, TikTok allows employees to work remotely in U.S. *See* **Exhibit 17**, https://www.reuters.com/technology/tiktok-tells-employees-return-office-three-days-week-2021-07-12/, as last visited on September 23, 2023.

21. On information and belief, TikTok has employees that work remotely in this District, as indicated by LinkedIn postings of TikTok employees.

22. According to public information, TikTok has Data Center in ED Texas and it also uses Oracle's Data Centers in Texas. *See* **Exhibits 14, 16**.

23. Oracle has business personal property in Collin County, Texas, as well as Denton County. Both counties are in this District.

| | Property ID ↓ Geographic ID ↓ | Owner Name | Property Address | Legal Description | 2023 Market Value |
|---|---|---|---|---|---|
| 1 | 2814412 P-9000-220-1936-1 | ORACLE AMERICA INC | 3010 Waterview Pkwy Richardson, TX 75080 | BPP at Flexential | $1,176,375 |
| 2 | 2814418 P-9000-220-1937-1 | ORACLE AMERICA INC | 800 Guardians Way Allen, TX 75013 | BPP at 800 Guardians Way | $730,112 |
| 3 | 2062213 P-9000-298-3012-1 | ORACLE AMERICA INC | 7460 Warren Pkwy #00300 Frisco, TX 75034 | BPP at 7460 Warren Pkwy | $575,431 |

*Figure 6* – **Exhibit 13 -** Oracle America's business personal property owned in Collin County, Texas.

24. On information and belief, according to reports from BuzzFeedNews, TikTok would hold U.S. users' protected and private data "exclusively at a datacenter managed by Oracle in Texas". *See* **Exhibit 12**, https://www.buzzfeednews.com/article/emilybakerwhite/tiktok-tapes-us-user-data-china-bytedance-access, as last visited on September 24, 2023. And "TikTok has leased space in wholesale colocation facilities from third-party service providers, including Digital Realty, Aligned Data Centers, Compass Datacenters,

**ORIGINAL COMPLAINT**

and Vantage Data Centers." **Exhibit 11**.

# Project Texas – TikTok's U.S. Security Initiative with Oracle Cloud

Project Texas is TikTok's initiative dedicated to safeguarding both **U.S. user data** and **U.S. national security** interests. This initiative is a collaboration between TikTok, the Biden Administration, CFIUS (Committee on Foreign Investment in the United States), and Oracle Corporation.

Project Texas seeks to address key issues of corporate governance, content recommendation and moderation, data security, and unauthorized system access, particularly by people in China. The initiative represents a package of measures designed to protect against backdoors into TikTok that could be used to manipulate the platform or access U.S. user **protected** data.

To-date, TikTok has spent roughly **$1.5 billion** on the implementation of Project Texas. The company has formed a new U.S.-based subsidiary, **TikTok U.S. Data Security Inc. (USDS)**, that currently has nearly 1,500 full-time employees. Moreover, TikTok expects the number of personnel to grow significantly in the coming year.

*Figure 7 – Exhibit 11 excerpt.*

**ORIGINAL COMPLAINT**

25. Cellspin alleges that TikTok employees in EDTX must stay in the area, or someone has to if they leave to operate the TikTok Servers in ED Texas.

26. On information and belief, TikTok's U.S. users' data is stored in Plano, Texas, where its employees or employees under Defendant's direction and control work routinely. *Id.*



***Figure 8** – Examples of Eastern District of Texas Data Centers with U.S. TikTok Users' data.*

## 6. Intellectual Property Rights

We respect intellectual property rights and ask you to do the same. As a condition of your access to and use of the Services, you agree to the terms of the Copyright Policy ↗.

***Figure 9** – **Exhibit 10** excerpt, TikTok's legal notice posting as last visited on October 20, 2023, at https://www.tiktok.com/legal/page/us/terms-of-service/en.*

**ORIGINAL COMPLAINT**

27. Cellspin management finds this District more convenient for trial. Cellspin's counsel resides here, the venue is safer for witnesses and the parties. This district has judges with the patent litigation experience and technical aptitude to provide a quicker resolution on the merits than other Districts, especially when compared to the Northern District of California. Cellspin wants to attend trial in a safe and secure community, Marshall, Texas. It is 'hands down' a much safer venue for witnesses attending trial than any District located in California, as a comparison. *See Rembrandt Wireless Techs., LP v. Apple Inc.*, No. 2:19-CV-00025-JRG, 2019 WL 6344470, at *3 (E.D. Tex. Nov. 27, 2019) ("[T]he Court finds that transfer to the Central District of California for the convenience of Apple and its potential witnesses would work a commensurate inconvenience on Rembrandt and its potential witnesses. Accordingly, the Court finds that this factor weighs against transfer.").

28. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400(b), including because, among other things, Defendants are subject to personal jurisdiction in this Judicial District, Defendants have regularly conducted business in this Judicial District, certain of the acts complained of herein occurred in this Judicial District, and Defendants are not residents in the United States and may be properly sued in this Judicial District.

## PATENTS-IN-SUIT

29. "Patents are presumed valid, and each patent claim is 'presumed valid independently of the validity of other claims.'" *Kowa Co., Ltd. v. Amneal Pharms*., LLC, No. 14-CV-2758 (PAC), 2017 WL 10667089, at *6 (S.D.N.Y. Sept. 19, 2017) (*citing* 35 U.S.C. § 282) *aff'd*, 745 F. Appx 168 (Fed. Cir. 2018).

30. "Patent examiners are owed deference and are 'presumed to have considered' prior art references listed on the face of a patent." *Id.* (*citing Shire, LLC v. Amneal Pharm., LLC*, 802 F.3d 1301, 1307 (Fed. Cir. 2015)). Defendants "have

the added burden of overcoming the deference that is due to a qualified government agency presumed to have properly done its job, which includes one or more examiners who are assumed to have some expertise in interpreting the references and to be familiar from their work with the level of skill in the art and whose duty it is to issue only valid patents." *Id.* (*quoting PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1304 (Fed. Cir. 2008)).

31. By operation of law, the Patents-in-Suit issued and exclusively vested to Cellspin Soft, Inc. as of the issue date of the Patents-in-Suit. *See* 35 U.S.C. § 261; *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1072 (Fed. Cir. 2020); *Suppes v. Katti*, 710 Fed. Appx. 883, 887 (Fed. Cir. 2017); *Taylor v. Taylor Made Plastics, Inc.*, 565 Fed. Appx. 888, 889 (Fed. Cir. 2014).

32. A variety of well-known companies and a multitude of USPTO examiners have cited the Patents-in-Suit in the prosecution of these companies' patent applications including, Samsung, Nokia, Citrix, Qualcomm, Amazon Technologies, Microsoft, and Google.[1] This shows the importance of the technology to leading technology providers.

33. The USPTO Examiners did thorough search for prior art looking into at least these twelve (12) recorded classifications:

    a. "H04N1/00307 Connection or combination of a still picture apparatus with another apparatus, *e.g.* for storage, processing or transmission of still picture signals or of information associated with a still picture with a telecommunication apparatus, *e.g.* a switched network of teleprinters for the distribution of text-based information, a selective call terminal with a mobile telephone apparatus;"

    b. "G06F3/005 Input arrangements through a video camera;"

    c. "H04L67/04 Protocols specially adapted for terminals or networks

---

[1] *See e.g.* Google Patent listing of U.S. Patent 8,756,336 at https://patents.google.com/patent/US8756336B2/en?oq=8%2c756%2c336+, as last visited on October 20, 2023, **Exhibit 9**.

**ORIGINAL COMPLAINT**

with limited capabilities; specially adapted for terminal portability;"

d. "H04N1/00103 Systems or arrangements for the transmission of the picture signal specially adapted for radio transmission, *e.g.* via satellites;"

e. "H04N1/00103 - Systems or arrangements for the transmission of the picture signal specially adapted for radio transmission, *e.g.* via satellites;"

f. "H04N1/00 - Scanning, transmission or reproduction of documents or the like, e.g. facsimile transmission; Details thereof;"

g. "H04N1/00095 - Systems or arrangements for the transmission of the picture signal;"

h. "H04N1/00106 - Systems or arrangements for the transmission of the picture signal specially adapted for radio transmission, *e.g.* via satellites using land mobile radio networks, e.g. mobile telephone;"

i. "H04N1/00108 - Systems or arrangements for the transmission of the picture signal specially adapted for radio transmission, *e.g.* via satellites of digital signals;"

j. "H04N1/00127 Connection or combination of a still picture apparatus with another apparatus, e.g. for storage, processing or transmission of still picture signals or of information associated with a still picture;"

k. "H04N1/00204 Connection or combination of a still picture apparatus with another apparatus, *e.g.* for storage, processing or transmission of still picture signals or of information associated with a still picture with a digital computer or a digital computer system, *e.g.* an internet server;"

l. "H04N21/4223 Cameras;"

m. "H04N21/6131 Network physical structure; Signal processing specially adapted to the downstream path of the transmission network

involving transmission via a mobile phone network;"

n. "H04W4/02 Services making use of location information;"

o. "H04W4/023 Services making use of location information using mutual or relative location information between multiple location based services [LBS] targets or of distance thresholds;"

p. "H04W4/21 Services signaling; Auxiliary data signaling, *i.e.* transmitting data via a non-traffic channel for social networking applications;"

q. "H04W4/80 Services using short range communication*, e.g.* near-field communication [NFC], radio-frequency identification [RFID] or low energy communication;" and

r. "H04N2201/0084 Digital still cameras."

## ACCUSED INSTRUMENTALITIES

34. Defendant infringes, and/or induces others to infringe, the asserted patent claims via the various TikTok Apps, including these three (3) Apps: TikTok, Lemon8 and Capcut. Presently, the Accused Instrumentalities include:

> TikTok Mobile App for Android
>
> TikTok Mobile App for Apple iOS
>
> Lemon8 Mobile App for Android
>
> Lemon8 Mobile App for Apple iOS
>
> Capcut Mobile App for Android
>
> Capcut Mobile App for Apple iOS
>
> Bluetooth-enabled earphones, AirPods, and Bluetooth TikTok Remotes sold by ByteDance / TikTok Apps

35. The Accused Instrumentalities (collectively, "TikTok App"). ByteDance / TikTok ("Defendant") makes, uses, sells, and/or offers to sell a short-range (Bluetooth) wireless enabled data capture devices. Defendant infringes literally, or

in the alternative, under the doctrine of equivalents. For example, Defendant provides TikTok App (TikTok, Lemon8 and Capcut) which includes the functionality of TikTok Shop that enables merchants to sell products and allows users to buy products from within the TikTok app. For example, TikTok App enables merchants to sell products including, but not limited to, Bluetooth-enabled earphones, AirPods, and Bluetooth TikTok remotes ("a short-range wireless enabled data capture device") to TikTok users.

36. For example, the TikTok App can be installed in a mobile device such as an iPhone or an Android phone and remotely controlled through Bluetooth devices such as Bluetooth enabled earphones, AirPods and Bluetooth remotes. The TikTok app utilizes the Bluetooth technology of the Bluetooth devices and the mobile device to perform functions such as 'scrolling'/'liking' a video based on inputs provided to the Bluetooth devices.

37. The presently charted exemplary infringing instrumentality is representative for purposes of illustrating infringement of the other apps. TikTok App is compatible with a wide variety of Bluetooth remotes, for e.g. Smart Ring Controller and other Bluetooth Remote Controllers which transmit data relating to user inputs (such as scroll, tap, double tap, etc.) to the TikTok app.

38. ByteDance / TikTok ("Defendant") performs and/or induces others to perform a method of segmented file transfer from a Bluetooth enabled mobile device to a web service. This element is infringed literally, or in the alternative, under the doctrine of equivalents. For example, Defendant provides TikTok Apps (TikTok, Lemon8 and Capcut) that are installed on mobile devices such as smartphones and tablets and allows the user to remotely control the TikTok App via a Bluetooth remote. Therefore, the mobile devices on which TikTok App is installed are equipped with Bluetooth technology using which the App is controlled remotely via the Bluetooth remote.

39. For example, TikTok App allows the user to upload ("file transfer") the

**ORIGINAL COMPLAINT**

captured images and videos (hereinafter referred to as "media content") from the mobile device to the TikTok App's cloud service ("web service"). The media content is transferred from the mobile device to TikTok App's cloud in chunks ("segment") using HTTP network protocol.

### Infringement Read No. 1 for Accused Instrumentalities for U.S. Patent No. 11,659,381

40. Defendant infringes, and/or induces others to infringe, the asserted patent claims with its "Accused Instrumentalities" that include TikTok App on smart phones that has been used as an exemplary infringing product in the attached infringement charts, **Exhibit 1**. The presently charted exemplary infringing app/product/system/method is representative for purposes of illustrating infringement.[2]

### Infringement Read No. 2 for Defendant Accused Instrumentalities for Patent Nos. 8,756,336; 8,862,757; 8,898,260

41. Defendant infringes, and/or induces others to infringe, the asserted patent claims with its "Accused Instrumentalities" that TikTok App used on smart phones as well as versions of these products that have same functionality.

42. These Accused Instrumentalities have been used as an exemplary infringing product in the attached 3 (three) infringement charts, **Exhibits 2, 3, 4**. The presently charted exemplary infringing product is representative for purposes of illustrating infringement of the other products.

### Infringement Read No. 3 for Accused Instrumentalities for Patent Nos. 9,900,766; 8,904,030; 11,234,121

43. Defendant infringes, and/or induces others to infringe, the asserted patent

---

[2] Throughout, just one patent claim per patent is provided to provide notice to Defendant of at least one invention. It is not a "representative claim" for purposes of Section 101 analysis due to nuances in dependent claims and other independent claims.

**ORIGINAL COMPLAINT**

claims with its "Accused Instrumentalities" that include the TitTok App on smartphones, smart phones (made by a ByteDance Subsidiary) that come loaded with TikTok App, and separately the TikTok Remote sold via TikTok's website, as shown in **Exhibits 5, 6, 7**.



*Figure 10* – *Exhibit 8* excerpt - TikTok Website as last visited on October 20, 2023.
.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 11,659,381

44. Plaintiff refers to and incorporates herein the allegations in the above paragraphs.

45. United States Patent No. 11,659,381 (the "'381 Patent") was duly and legally issued by the USPTO after a full and examination presumed to be thorough.

46. Defendant makes, uses, offers for sale, and/or sells, and/or induces others to use, the claimed methods of the '381 Patent.

47. Defendant has infringed, and is now infringing, the '381 Patent, including at least **Claim 7**, in this judicial district, and elsewhere, in violation of 35 U.S.C. § 271. *See* **Exhibit 1** – U.S. 11,659,381 Patent Infringement Charts.

| Claim | Analysis |
|---|---|
| [7.P] A mobile software application for a Bluetooth enabled cellular phone, wherein the mobile software application is embodied as executable program instructions that, when executed by a processor of the Bluetooth enabled cellular phone, | Defendant makes, uses, sells, and/or offers to sell a mobile software application for a Bluetooth-enabled cellular phone, wherein the mobile software application is embodied as executable program instructions. <br><br> This element is infringed literally, or in the alternative, under the doctrine of equivalents. <br><br> For example, Defendant provides TikTok[1] app ("mobile software application") which is installed in a mobile device ("Bluetooth enabled cellular phone") and can be remotely controlled through Bluetooth devices such as AirPods and Bluetooth remotes[2]. The TikTok app utilizes the processor and Bluetooth technology of the mobile device to perform functions such as 'scrolling'/'liking' the video based on inputs provided on the Bluetooth devices. <br><br> For example, the TikTok app for iOS allows a user to configure gestures for phrases such that when the user provides an audio command corresponding to the phrase, a gesture is automatically performed on the user interface of the TikTok app causing a functionality such as 'liking' or 'scrolling' of a video in the app. The custom phrases and corresponding gestures for the TikTok app are set in the Voice Control settings of iOS. For example, when the phrase "double tap" and a custom gesture causing a double tap on the screen is configured for the TikTok app, then the audio command "double tap" provided by the user on the Bluetooth device (such as AirPods) causes the double tapping gesture to be performed in the TikTok app leading to 'liking' of the video. <br><br> Further, the TikTok app includes the functionality of TikTok Shop that enables merchants to sell and users to buy iPhones from the TikTok app. |

**Figure 11 -** *Excerpt from* **Exhibit 1***, Defendant's Infringement of Claim 7 of the '381 Patent.*

48. Defendant has practiced the claims of the '381 patent at least through Defendant's efforts to test, demonstrate, and otherwise use the Accused Instrumentalities.

49. Additionally, or in the alternative, Defendant has infringed, and now infringing, the '381 Patent in this judicial district, including by jointly with its end users and/or customers, by and through the use of the Accused Instrumentalities. Defendant's infringement comprises joint performance of the patent claims by Defendant and/or its member. Further, Defendant conditions receipt of the benefits of the use of the asserted patent claims.

50. To the extent Defendant continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '381 patent, such infringement is necessarily willful and deliberate. Plaintiff believes and contends that Defendant's continuance of its clear and inexcusable infringement of the '381

**ORIGINAL COMPLAINT**

patent post notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

51. On account of the foregoing, Plaintiff contends such activities by Defendant qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages. Including based on the foregoing, Plaintiff hereby respectfully requests an award of enhanced damages, including treble damages, pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927.

52. Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,756,336

53. Plaintiff refers to and incorporates herein the allegations in the above paragraphs.

54. United States Patent No. 8,756,336 (the "'336 Patent") was duly and legally issued by the USPTO after a full and examination presumed to be thorough.

55. Defendant makes, uses, offers for sale, and/or sells, and/or induces others to use, the claimed methods of the '336 Patent.

56. Defendant has infringed, and is now infringing, the '336 Patent, including at least **claim 1**, in this judicial district, and elsewhere, in violation of 35 U.S.C. § 271. *See* **Exhibit 2** – U.S. 8,756,336 Patent Infringement Charts.

| Claim | Analysis |
|---|---|
| [1.P] A method of segmented file transfer from a Bluetooth enabled mobile device to a web service, the method comprising: | Defendant performs and/or induces others to perform a method of segmented file transfer from a Bluetooth enabled mobile device to a web service. |
| | This element is infringed literally, or in the alternative, under the doctrine of equivalents. |
| | For example, Defendant provides TikTok App[1] which is installed on mobile devices such as smartphones and tablets and allows the user to remotely control the TikTok App via a Bluetooth remote. Therefore, the mobile devices on which TikTok App is installed are equipped with Bluetooth technology using which the App is controlled remotely via the Bluetooth remote. |
| | For example, TikTok App allows the user to upload ("file transfer") the captured images and videos (hereinafter referred to as 'media content') from the mobile device to the TikTok App's cloud service ("web service"). The media content is transferred from the mobile device to TikTok App's cloud in chunks ("segment") using HTTP network protocol. |

*Figure 12 - Excerpt from* **Exhibit 2**, *Defendant's Infringement of Claim 1 of the '336 Patent.*

**ORIGINAL COMPLAINT**

57. Defendant has practiced the accused methods of the '336 patent at least through Defendant's efforts to test, demonstrate, and otherwise use the Accused Instrumentalities.

58. Additionally, or in the alternative, Defendant has infringed, and now infringing, the '336 Patent in this judicial district, including by jointly with its end users and/or customers, by and through the use of the Accused Instrumentalities. Defendant's infringement comprises joint performance of the claimed methods by Defendant and/or its member. Further, Defendant conditions receipt of the benefits of the use of the patented technology.

59. To the extent Defendant continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '336 patent, such infringement is necessarily willful and deliberate. Plaintiff believes and contends that Defendant's continuance of its clear and inexcusable infringement of the '336 patent post notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

60. On account of the foregoing, Plaintiff contends such activities by Defendant qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages. Including based on the foregoing, Plaintiff hereby respectfully requests an award of enhanced damages, including treble damages, pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927.

61. Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,862,757

62. Plaintiff refers to and incorporates herein the allegations in the above paragraphs.

63. United States Patent No. 8,862,757 (the "'757 Patent") was duly and legally issued by the USPTO after a full and examination presumed to be thorough.

**ORIGINAL COMPLAINT**

64. Defendant makes, uses, offers for sale, and/or sells, and/or induces others to use, the claimed methods of the '757 Patent.

| Claim | Analysis |
|---|---|
| [1.P] A method of segmented file transfer from a Bluetooth enabled mobile device to a web service, the method comprising: | Defendant performs and/or induces others to perform a method of segmented file transfer from a Bluetooth enabled mobile device to a web service. <br><br> This element is infringed literally, or in the alternative, under the doctrine of equivalents. <br><br> For example, Defendant provides TikTok App[1] which is installed on mobile devices such as smartphones and tablets and allows the user to remotely control the TikTok App via a Bluetooth remote. Therefore, the mobile devices on which TikTok App is installed are equipped with Bluetooth technology using which the App is controlled remotely via the Bluetooth remote. <br><br> For example, TikTok App allows the user to upload ("file transfer") the captured images and videos (hereinafter referred to as 'media content') from the mobile device to the TikTok App's cloud service ("web service"). The media content is transferred from the mobile device to TikTok App's cloud in chunks ("segment") using HTTP network protocol. |

*Figure 13 - Excerpt from **Exhibit 3**, Defendant's Infringement of Claim 1 of the '757 Patent.*

65. Defendant has infringed, and is now infringing, the '757 Patent, including at least claim 1, in this judicial district, and elsewhere, in violation of 35 U.S.C. § 271. *See* **Exhibit 3 – U.S. 8,862,757 Patent Infringement Charts.**

66. Defendant has practiced the accused methods of the '757 patent at least through Defendant's efforts to test, demonstrate, and otherwise use the Accused Instrumentalities.

67. Additionally, or in the alternative, Defendant has infringed, and now infringing, the '757 Patent in this judicial district, including by jointly with its end users and/or customers, by and through the use of the Accused Instrumentalities. Defendant's infringement comprises joint performance of the claimed methods by Defendant and/or its member. Further, Defendant conditions receipt of the benefits of the use of the patented technology.

68. To the extent Defendant continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '757 patent, such infringement is necessarily willful and deliberate. Plaintiff believes and contends that Defendant's continuance of its clear and inexcusable infringement of the '757 patent post notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

**ORIGINAL COMPLAINT**

69. On account of the foregoing, Plaintiff contends such activities by Defendant qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages. Including based on the foregoing, Plaintiff hereby respectfully requests an award of enhanced damages, including treble damages, pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927.

70. Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

### COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 8,898,260

71. Plaintiff refers to and incorporates herein the allegations in the above paragraphs.

72. United States Patent No. 8,898,260 (the "'260 Patent") was duly and legally issued by the USPTO after a full and examination presumed to be thorough.

73. Defendant makes, uses, offers for sale, and/or sells, and/or induces others to use, the claimed methods of the '260 Patent.

74. Defendant has infringed, and is now infringing, the '260 Patent, including at least **Claim 1**, in this judicial district, and elsewhere, in violation of 35 U.S.C. § 271. *See* **Exhibit 4– U.S. 8,898,260 Patent Infringement Charts.**

| Claim | Analysis |
|---|---|
| [1.P] A method of segmented file transfer from a Bluetooth enabled mobile device to a web service, the method comprising: | Defendant performs and/or induces others to perform a method of segmented file transfer from a Bluetooth enabled mobile device to a web service. <br><br> This element is infringed literally, or in the alternative, under the doctrine of equivalents. <br><br> For example, Defendant provides TikTok App[1] which is installed on mobile devices such as smartphones and tablets and allows the user to remotely control the TikTok App via a Bluetooth remote. Therefore, the mobile devices on which TikTok App is installed are equipped with Bluetooth technology using which the App is controlled remotely via the Bluetooth remote. <br><br> For example, TikTok App allows the user to upload ("file transfer") the captured images and videos (hereinafter referred to as 'media content') from the mobile device to the TikTok App's cloud service ("web service"). The media content is transferred from the mobile device to TikTok App's cloud in chunks ("segment") using HTTP network protocol. |

**Figure 14 -** *Excerpt from* **Exhibit 4**, *Defendant's Infringement of Claim 1 of the '260 Patent.*

**ORIGINAL COMPLAINT**

75. Defendant has practiced the claims of the '260 patent at least through Defendant's efforts to test, demonstrate, and otherwise use the Accused Instrumentalities.

76. Additionally, or in the alternative, Defendant has infringed, and now infringing, the '260 Patent in this judicial district, including by jointly with its end users and/or customers, by and through the use of the Accused Instrumentalities. Defendant's infringement comprises joint performance of the claimed methods by Defendant and/or its member. Further, Defendant conditions receipt of the benefits of the use of the patented technology.

77. To the extent Defendant continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '260 patent, such infringement is necessarily willful and deliberate. Plaintiff believes and contends that Defendant's continuance of its clear and inexcusable infringement of the '260 patent post notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

78. On account of the foregoing, Plaintiff contends such activities by Defendant qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages. Including based on the foregoing, Plaintiff hereby respectfully requests an award of enhanced damages, including treble damages, pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927.

79. Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

### COUNT V – INFRINGEMENT OF U.S. PATENT NO. 9,900,766

80. Plaintiff refers to and incorporates herein the allegations in the above paragraphs.

81. United States Patent No. 9,900,766 (the "'766 Patent") was duly and legally issued by the USPTO after a full and examination presumed to be thorough.

82. Defendant makes, uses, offers for sale, and/or sells, and/or induces others to use, the claimed methods of the '766 Patent.

83. Defendant has infringed, and is now infringing, the '766 Patent, including at least **Claim 1**, in this judicial district, and elsewhere, in violation of 35 U.S.C. § 271. *See* **Exhibit 5** – U.S. 9,900,766 Patent Infringement Charts.

| Claim | Analysis |
|---|---|
| [1.P]    A    short-range wireless    enabled    data capture    device, comprising: | Defendant makes, uses, sells, and/or offers to sell a short-range wireless enabled data capture device.<br><br>This element is infringed literally, or in the alternative, under the doctrine of equivalents.<br><br>For example, Defendant provides TikTok[1] app which includes the functionality of TikTok Shop that enables merchants to sell products and allows the users to buy products from the TikTok app. TikTok App enables merchants to sell their products including, but not limited to, Bluetooth-enabled earphones, AirPods, and Bluetooth remotes[2] ("a short-range wireless enabled data capture device") to TikTok users.<br><br>For example, the TikTok app is installed in a mobile device such as an iPhone or an Android phone and can be remotely controlled through Bluetooth devices such as Bluetooth enabled earphones, AirPods and Bluetooth remotes. The TikTok app utilizes the Bluetooth technology of the Bluetooth devices and the mobile device to perform functions such as 'scrolling'/'liking' the video based on inputs provided to the Bluetooth devices. |

*Figure 15 - Excerpt from **Exhibit 5**, Defendant's Infringement of Claim 1 of the '766 Patent.*

84. Defendant has practiced the accused methods of the '766 patent at least through Defendant's efforts to test, demonstrate, and otherwise use the Accused Instrumentalities.

85. Additionally, or in the alternative, Defendant has infringed, and now infringing, the '766 Patent in this judicial district, including by jointly with its end users and/or customers, by and through the use of the Accused Instrumentalities. Defendant's infringement comprises joint performance of the claimed methods by Defendant and/or its member. Further, Defendant conditions receipt of the benefits of the use of the patented technology.

**ORIGINAL COMPLAINT**

86. To the extent Defendant continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '766 patent, such infringement is necessarily willful and deliberate. Plaintiff believes and contends that Defendant's continuance of its clear and inexcusable infringement of the '766 patent post notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

87. On account of the foregoing, Plaintiff contends such activities by Defendant qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages. Including based on the foregoing, Plaintiff hereby respectfully requests an award of enhanced damages, including treble damages, pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927.

88. Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

## COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 8,904,030

89. Plaintiff refers to and incorporates herein the allegations in the above paragraphs.

90. United States Patent No. 8,904,030 (the "'030 Patent") was duly and legally issued by the USPTO after a full and examination presumed to be thorough.

91. Defendant makes, uses, offers for sale, and/or sells, and/or induces others to use, the claimed methods of the '030 Patent.

92. Defendant has infringed, and is now infringing, the '030 Patent, including at least claim 1, in this judicial district, and elsewhere, in violation of 35 U.S.C. § 271. *See* **Exhibit 6** – U.S. 8,904,030 Patent Infringement Charts.

**ORIGINAL COMPLAINT**

| Claim | Analysis |
|---|---|
| [12.P] A method for transferring data to a remote internet server by a Bluetooth enabled mobile device comprising: | Defendant performs and/or induces others to perform a method for transferring data to a remote internet server by a Bluetooth enabled mobile device. |
| | This element is infringed literally, or in the alternative, under the doctrine of equivalents. |
| | For example, Defendant provides TikTok[1] app which is installed in a mobile device such as iPhone and an Android phone ("Bluetooth enabled mobile device"). The TikTok app installed in the mobile device can be remotely controlled through Bluetooth devices such as AirPods and Bluetooth remotes[2]. The TikTok app utilizes the processor and Bluetooth technology of the mobile device to perform functions such as 'scrolling'/'liking' the video based on inputs provided to the Bluetooth devices. |
| | Further, the TikTok app uploads ("transferring") data provided by the user on the Defendant's servers ("remote internet server"). The uploaded data includes the commands provided by the user such as 'like' or 'scroll down'. |
| | For example, mobile devices such as iPhones and Android phones on which the TikTok app is installed are sold on the TikTok app using the TikTok Shop functionality. |

*Figure 16 - Excerpt from **Exhibit 6**, Defendant's Infringement of Claim 12 of the '030 Patent.*

93. Defendant has practiced the patent claims of the '030 patent at least through Defendant's efforts to test, demonstrate, and otherwise use the Accused Instrumentalities.

94. Additionally, or in the alternative, Defendant has infringed, and now infringing, the '030 Patent in this judicial district, including by jointly with its end users and/or customers, by and through the use of the Accused Instrumentalities. Defendant's infringement comprises joint performance of the claimed methods by Defendant and/or its member. Further, Defendant conditions receipt of the benefits of the use of the patented technology.

95. To the extent Defendant continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '030 patent, such infringement is necessarily willful and deliberate. Plaintiff believes and contends that Defendant's continuance of its clear and inexcusable infringement of the '030 patent post notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

96. On account of the foregoing, Plaintiff contends such activities by Defendant qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages. Including based on the foregoing, Plaintiff hereby respectfully requests an award of enhanced damages, including treble

**ORIGINAL COMPLAINT**

damages, pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927.

97. Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

## COUNT VII – INFRINGEMENT OF U.S. PATENT NO. 11,234,121

98. Plaintiff refers to and incorporates herein the allegations in the above paragraphs.

99. United States Patent No. 11,234,121 (the "'121 Patent") was duly and legally issued by the USPTO after a full and examination presumed to be thorough.

100.    Defendant imports, makes, uses, offers for sale, and/or sells, and/or induces others to use, the claims of the '121 Patent.

101.    Defendant has infringed, and is now infringing, the '121 Patent, including at least claim 7, in this judicial district, and elsewhere, in violation of 35 U.S.C. § 271.  *See* **Exhibit 7** – U.S. 11,234,121 Patent Infringement Chart.

| Claim | Analysis |
|---|---|
| [12.P] A method for transferring data to a remote internet server by a Bluetooth enabled mobile device comprising: | Defendant performs and/or induces others to perform a method for transferring data to a remote internet server by a Bluetooth enabled mobile device. |
| | This element is infringed literally, or in the alternative, under the doctrine of equivalents. |
| | For example, Defendant provides TikTok[1] app which is installed in a mobile device such as iPhone and an Android phone ("Bluetooth enabled mobile device"). The TikTok app installed in the mobile device can be remotely controlled through Bluetooth devices such as AirPods and Bluetooth remotes[2]. The TikTok app utilizes the processor and Bluetooth technology of the mobile device to perform functions such as 'scrolling'/'liking' the video based on inputs provided to the Bluetooth devices. |
| | Further, the TikTok app uploads ("transferring") data provided by the user on the Defendant's servers ("remote internet server"). The uploaded data includes the commands provided by the user such as 'like' or 'scroll down'. |
| | For example, mobile devices such as iPhones and Android phones on which the TikTok app is installed are sold on the TikTok app using the TikTok Shop functionality. |

*Figure 17 -* *Excerpt from* ***Exhibit 7****, Defendant's Infringement of Claim 12 of the '121 Patent.*

102.    Defendant has practiced the accused methods of the '121 patent at least through Defendant's efforts to test, demonstrate, and otherwise use the Accused Instrumentalities.

103.    Additionally, or in the alternative, Defendant has infringed, and now

infringing, the '121 Patent in this judicial district, including by jointly with its end users and/or customers, by and through the use of the Accused Instrumentalities. Defendant's infringement comprises joint performance of the claims by Defendant and/or its member. Further, Defendant conditions receipt of the benefits of the use of the patented technology.

104.     To the extent Defendant continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '121 patent, such infringement is necessarily willful and deliberate. Plaintiff believes and contends that Defendant's continuance of its clear and inexcusable infringement of the '121 patent post notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

105.     On account of the foregoing, Plaintiff contends such activities by Defendant qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages. Including based on the foregoing, Plaintiff hereby respectfully requests an award of enhanced damages, including treble damages, pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927.

106.     Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

## PRAYER FOR RELIEF

107.     By way of its infringing activities, Defendant has caused, and continues to cause, Plaintiff to suffer damages, and Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

108.     Defendant's infringement of Plaintiff's rights under the patents-in-suit will continue to damage Plaintiff, causing irreparable harm for which there is no

adequate remedy at law, unless enjoined by this Court.

109.    Plaintiff also requests that the Court make a finding that this is an exceptional case entitling Plaintiff to recover their attorneys' fees and costs pursuant to 35 U.S.C. § 285.

## JURY DEMAND

110.    Plaintiff hereby requests a trial by jury including pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

Dated:  October 20, 2023                    Respectfully Submitted

*/s/ Randall Garteiser*
Randall Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
M. Scott Fuller
  Texas Bar No. 24036607
  sfuller@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 284-5200

**ATTORNEYS FOR PLAINTIFF**

**ORIGINAL COMPLAINT**